### HOUSTON & T. C. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1909.)

#### No. 1,839.

1. CRIMINAL LAW (§ 1059*)—APPEAL AND ERROR—EXCEPTIONS—SCOPE.

An assignment that the court erred in peremptorily directing a verdict against defendant could not be reviewed, in the absence of an exception to the whole charge.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1059.*]

2. CRIMINAL LAW (§ 1059*)—EXCEPTIONS—SCOPE.

An assignment charging error in the whole charge cannot be reviewed on an exception to a single instruction.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1059.*]

3. CARRIERS (§ 38*)—TRANSPORTATION OF LIVE STOCK—FOOD AND REST.

Where, notwithstanding the jury found in defendant's favor on the recitals and conditions in a requested charge, they could also conclude under the evidence that defendant "knowingly" and "willfully" failed to comply with the food and rest law, an instruction charging that if such conditions were found the jury should find for defendant was properly refused.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 38.*]

In Error to the District Court of the United States for the Northern District of Texas.

M. A. Spoonts, Geo. Thompson, and J. H. Barwise, Jr., for plaintiff in error.

Wm. H. Atwell, for the United States.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. There is no bill of exceptions in the transcript showing that the trial judge peremptorily directed a verdict against the defendant. This disposes of the first assignment of error.

The bill of exceptions found in the transcript does show that the trial judge, in a somewhat lengthy charge, argumentatively advised the jury to find a verdict against the defendant; but no exception was taken to this charge as a whole, and only as follows:

"To which portion of the court's charge, instructing the jury that the memorandum was no defense, the defendant then and there in open court excepted, and still excepts, for the reason that the memorandum on the waybill, and the fact shown thereby, raised for the determination of the jury an issue as to whether or not a prudent and diligent man, and one who desired to enforce the law, would not have acted on the statement contained in the notation on the waybill."

And we are thus precluded from considering the second assignment of error, which charges error in the whole charge.

The third assignment of error is based upon the refusal of the court, duly excepted to, to direct the jury to find a verdict in favor

of the defendant. This assignment is not well taken. Under the evidence recited in the bill of exceptions, considered most favorably for the defendant, the case was one for the jury.

The fourth and last assignment of error was the refusal of the court to charge the jury as follows:

"If you find and believe from the testimony that there was a memorandum notation or other information on the waybill showing that the hogs had been unloaded, fed, watered, and rested, as required by the law, at Jacksonville, Tex., and that they had thereafter been reloaded at 1 a. m., December 19, 1907, and if the defendant company knew this when they received the shipment at Ft. Worth, and if you believe that an ordinarily prudent person, and one who was diligently and honestly striving to obey the law and faithfully seeking to carry it out, would have relied on this information so shown, and believed it, and if you further believe that defendant's employés at Ft. Worth did so rely on and believe this information, and because thereof did not unload the hogs, or have it done, and because of this had such hogs in possession after the expiration of the limit without unloading them, then you are instructed to find for defendant."

Taking all the recitals and conditions in this request to charge to be correct, upon which we express no opinion, still the evidence in the case offered by the government, and as to other circumstances and information, and as to other employés of the defendant, may have required the submission of the case to the jury to determine whether the defendant "knowingly" and "willfully" failed to comply with the law.

From a consideration of the whole record, a majority of the judges are of opinion that the record shows no reversible error.

Affirmed.